T.C. Memo. 1998-118

UNITED STATES TAX COURT

PATRICK ANTHONY MASINO, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14987-96.               Filed March 25, 1998.

Patrick A. Masino, pro se.

Steven M. Roth, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  This case is before the Court on
respondent's Motion to Dismiss for Lack of Jurisdiction, filed
August 13, 1997.  Respondent contends that this case should be
dismissed because the petition was not filed within 90 days after
the notice of deficiency was mailed pursuant to section 6213(a).[1]

_____

[1] All section references are to the Internal Revenue Code in
(continued...)

Petitioner contends that the notice of deficiency was not mailed to his last known address pursuant to section 6212(b) and that the 90-day filing period should not begin to run until he received actual notice.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1989 | $24,015 | $5,325 | $1,421 |
| 1990 | 1,620,549 | 404,870 | 106,623 |

Background

At the time the petition in this case was filed, petitioner resided in Van Nuys, California.

The notice of deficiency was mailed on April 9, 1996. Respondent mailed copies of the notice of deficiency to petitioner at each of the following seven addresses: (1) 5030 West 131st Street, Hawthorne, California 90250-5021; (2) 117 24th Street, Manhattan Beach, California 90266; (3) 708 Concord Street, Glendale, California 91202; (4) 720 Concord Street, Glendale, California 91202; (5) 1500 Turks Head Building, Providence, Rhode Island 02903; (6) 311½ Winnepeg Place, Long Beach, California 90814-2564; and (7) c/o Patricia Masino, 311½ Winnepeg Place, Long Beach, California 90814-2564. Petitioner has lived at five of these addresses.

---

[1](...continued)
effect for the years at issue.

At the time the notice of deficiency was mailed, petitioner was living at 14767 Delano Street #204, Van Nuys, California (Van Nuys address). It is unclear from the record when petitioner moved to this address. Petitioner actually received a copy of the notice of deficiency in late April 1996. A friend of petitioner who was residing at the 720 Concord Street address received the notice of deficiency mailed to that address and gave it to petitioner in late April 1996. Ninety days from the date the notice was mailed was July 8, 1996. The petition was dated June 19, 1996; however, it was not mailed until July 9, 1996, 91 days after the notice was mailed to petitioner, and was filed on July 12, 1996.

Petitioner did not file tax returns for taxable year 1989 through 1995. Respondent became aware of a change of address for petitioner in mid-1992, before petitioner had moved to the Van Nuys address. In 1997, petitioner filed a tax return for the 1996 taxable year which updated petitioner's address in respondent's computer files and deleted the address notification received by respondent in 1992.

Petitioner was arrested on Federal money-laundering charges in 1991 and convicted in 1993. Following his arrest, petitioner was required to report any changes of address to the office of pretrial services of the U.S. District Court for the Central District of California. Petitioner's reporting requirement was in effect in April 1996. Sometime before April 9, 1996, the date that the notice of deficiency was mailed, petitioner notified the

office of pretrial services of his Van Nuys address. Petitioner was not incarcerated when the notice of deficiency was issued.

Petitioner contends that for purposes of section 6212(b)(1), his last known address is the Van Nuys address. Respondent argues that the Van Nuys address is not petitioner's last known address and that a notice of deficiency was mailed to petitioner's last known address. Alternatively, respondent contends that petitioner actually received the notice of deficiency without prejudicial delay and had ample time to file a petition within 90 days from the date the notice of deficiency was mailed.

Discussion

The jurisdiction of this Court to redetermine a tax deficiency depends upon the issuance of a valid notice of deficiency and the timely filing of a petition. Secs. 6212 and 6213; Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A petition is timely if it is filed within 90 days after the notice of deficiency was mailed to a person within the United States. Sec. 6213(a). Under conditions set forth in section 7502, for purposes of computing the 90-day filing period, timely mailing of the petition by the taxpayer is timely filing. When a petition is not filed within the 90-day period, the case must be dismissed for lack of jurisdiction if the notice of deficiency is valid. Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985). Petitioner did not mail the petition in this case within 90 days

from the date the notice of deficiency was mailed. Therefore, we must consider whether the notice of deficiency was valid.

Section 6212(a) authorizes the Commissioner to send a notice of deficiency to the taxpayer by certified or registered mail. The notice is valid if it is mailed to the last known address of the taxpayer. Sec. 6212(b)(1). If the address to which the notice is mailed is not the taxpayer's last known address, the notice is generally invalid. Clodfelter v. Commissioner, 57 T.C. 102, 104-105 (1971), affd. 527 F.2d 754 (9th Cir. 1975). However, a notice of deficiency that is not mailed to the taxpayer's last known address will be valid from the date of mailing if the taxpayer actually receives the notice in sufficient time to file a timely petition without prejudicial delay. Clodfelter v. Commissioner, 527 F.2d at 757; Mulvania v. Commissioner, 81 T.C. 65, 68 (1983). Providing the taxpayer with actual notice of the deficiency determination in a timely manner is the essence of the statutory scheme. Mulvania v. Commissioner, supra.

Petitioner maintains that his last known address is the Van Nuys address. Petitioner contends that he reported his Van Nuys address to the office of pretrial services of the U.S. District Court in connection with the Federal money laundering case prior to the date that the notice of deficiency was mailed. Petitioner argues that because respondent was involved in his criminal prosecution, the address notification to the office of pretrial services should be imputed to respondent for purposes of

determining his last known address, citing <u>Keeton v. Commissioner</u>, 74 T.C. 377 (1980). Petitioner argues that because the notice was not mailed to his last known address, the filing period should not begin until he actually received the notice of deficiency in late April 1996. On brief, petitioner maintains that agents for respondent were involved in the Federal criminal case and testified against petitioner at trial. Petitioner also contends that the Internal Revenue Service (IRS) supplied bank records and cash transaction reports to the Federal Bureau of Investigation and the U.S. attorney's office to prosecute the Federal money laundering case. There is no evidence in the record to either support or refute petitioner's allegations.

Neither the Code nor the regulations define a taxpayer's "last known address". A taxpayer's last known address is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. <u>Monge v. Commissioner</u>, 93 T.C. 22, 27-28 (1989). It is the taxpayer's obligation to provide "clear and concise notification" to the IRS of any change of address. <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. 367, 374-375 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Absent a clear and concise notification of a change in address, respondent is entitled to treat the address shown on the taxpayer's most recently filed tax return as the last known address. <u>Abeles v. Commissioner</u>, <u>supra</u> at 1035. When notified of a change of address, respondent must exercise

reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Looper v. Commissioner, 73 T.C. 690, 696 (1980); Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Whether respondent has exercised reasonable care and diligence must be determined in light of the facts and circumstances of each case. Alta Sierra Vista, Inc. v. Commissioner, supra.

In Keeton v. Commissioner, supra, we found that information concerning the taxpayer's address in the possession of the U.S. Department of Justice (DOJ) was imputed to respondent. The DOJ had obtained the taxpayer's address in criminal tax proceedings. We reasoned that the IRS was inextricably connected with the U.S. Government's investigation, prosecution, and conviction of the taxpayer and, therefore, was on notice of the taxpayer's incarceration. The Court further reasoned that the DOJ and the IRS are both administrative agencies of the executive branch of the Federal Government and work in conjunction to enforce Federal income tax laws. Respondent argues that this case is distinguishable from Keeton v. Commissioner, supra, because the office of pretrial services is part of the judicial branch. In this regard, respondent argues that information possessed by a judicial office should not be imputed to respondent. Respondent contends that information obtained by the office of pretrial services is not available to respondent without approval from the U.S. District Court, citing 18 U.S.C. sec. 3153 (1994).

Petitioner concedes that he received the deficiency notice in late April 1996, after the notice was mailed on April 9, 1996. Actual receipt of a notice of deficiency by the taxpayer, without prejudicial delay, eliminates the need for us to determine whether the notice was mailed to the taxpayer's last known address. Mulvania v. Commissioner, supra. Accordingly, we need not decide whether notice of address changes to the U.S. District Court's office of pretrial services was clear and concise notification to respondent of petitioner's change of address. Rather, we consider whether or not there was prejudicial delay in petitioner's receipt of the deficiency notice in late April 1996.

Assuming that petitioner received the notice of deficiency on the last day of the month, April 30, 1996, he would have had at least 69 days remaining in the 90-day filing period to file a petition. We have held that receipt of a notice of deficiency that was incorrectly addressed with 69 or fewer days before the expiration of the filing period is not prejudicial. Bonty v. Commissioner, T.C. Memo. 1997-372 (69 days remaining); Bowers v. Commissioner, T.C. Memo. 1991-609 (69 days remaining); George v. Commissioner, T.C. Memo. 1990-147 (52 days remaining); Loftin v. Commissioner, T.C. Memo. 1986-322 (30 days remaining). However, 8 days remaining in the filing period when the notice is received has been held to be insufficient time to file a petition. Sicker v. Commissioner, 815 F.2d 1400, 1401 (11th Cir. 1987); see Looper v. Commissioner, supra at 699 (17 days remaining was prejudicial).

Petitioner argues that 69 days was not sufficient time to file a petition in this case because he was heavily involved in the posttrial and sentencing phase of his Federal money laundering conviction at the time the notice of deficiency was issued. In addition, petitioner contends that the deficiency was determined using information from the Federal money laundering case and it was necessary for him to review the large volume of evidence in the money laundering case to verify the accuracy of the statements in the petition before filing it. In this regard, petitioner argues that the delay in receiving the notice was prejudicial.

Despite petitioner's explanations, we find that petitioner's own inaction was responsible for the late filing. The substantive issues in this case do not appear complex and involve petitioner's failure to report income from illegal activities. Petitioner completed the one-page petition over 2 weeks before he mailed it. The petition does not contain any factual allegations as to the correct amount of petitioner's taxable income for the years in issue. On the facts of this case, we find that petitioner received the notice of deficiency with sufficient time to file a petition. Petitioner's failure to file a timely petition was not the result of any possible error in the address to which the notice of deficiency was mailed. Accordingly, we find that the notice was valid and grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.