T.C. Memo. 1998-256

UNITED STATES TAX COURT

BARRY AND DEBRA BULAKITES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1269-98.                    Filed July 13, 1998.

<u>Carolyn J. Jackson</u>, for petitioners.

<u>Robert E. Marum</u> and <u>Richard Fultz</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
                                        (continued...)

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction. Although respondent contends that this case should be dismissed on the ground that Barry and Debra Bulakites (petitioners) failed to file their petition within the time prescribed by sections 6213(a) and 7502, petitioners argue that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. Because there is no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute regarding the proper ground for dismissal. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

Background

On November 13, 1996, petitioners filed joint Federal income tax returns for the taxable years 1994 and 1995. On each of those returns, petitioners listed their address as 53 Christopher Lane, Guilford, Connecticut 06437 (the Guilford address).

---

[1](...continued)
Practice and Procedure.

On April 14, 1997, respondent mailed a 30-day letter to petitioners at the Guilford address.  In the 30-day letter, respondent notified petitioners of proposed changes to their tax liability for 1994.

On May 16, 1997, petitioners' accountant, Edward E. Pratesi (Mr. Pratesi), wrote a letter to respondent's agent, apparently in response to the 30-day letter.  Mr. Pratesi's letter stated as follows:

> Because our client Barry Bulakites * * * has relocated to Michigan, the enclosed letter was not received until recently.
>
> In accordance with my client's wishes, we request an appeal of the tax and related penalties.  The reason for the appeal is that certain documentation supporting a disallowed deduction must be located upon Mr. Bulakites' return to Connecticut.

Mr. Pratesi's letter made no mention of Mr. Bulakites' address in Michigan.

In the interim, on May 14, 1997, petitioners executed a Form 2848 (Power of Attorney and Declaration of Representative) appointing Mr. Pratesi as their attorney-in-fact regarding their Federal income tax liabilities for the taxable years 1994, 1995, and 1996.  Petitioners listed the Guilford address as their address on the Form 2848.

Line 7 of the Form 2848 provides in pertinent part as follows:

> Notices and communications.  Original notices and other written communications will be sent to you and a

copy to the first representative listed on line 2
unless you check one or more of the boxes below.

Although the first of three boxes referred to in line 7 provided an election under which all original notices would be sent to petitioners' attorney-in-fact, petitioners did not check the box.

Respondent received petitioners' Form 2848 on May 21, 1997.

On June 2, 1997, respondent's agent left a recorded telephone message for Mr. Pratesi reminding him of the need to respond further to the 30-day letter. Mr. Pratesi did not respond to the message, nor did he respond further to the 30-day letter.

On September 16, 1997, respondent mailed a notice of deficiency to petitioners. In the notice, respondent determined a deficiency in petitioners' Federal income tax for 1994 in the amount of $27,675, as well as an addition to tax under section 6651(a)(1) in the amount of $6,918.75 and an accuracy-related penalty under section 6662 in the amount of $5,535.

The notice of deficiency was mailed to petitioners at the Guilford address; i.e., the address listed by petitioners on their income tax returns for 1994 and 1995.[2] Respondent did not mail a copy of the notice of deficiency to Mr. Pratesi.

---

[2] It appears that petitioners' income tax return for 1996 was not filed before the notice of deficiency was mailed.

The notice of deficiency was apparently forwarded by the U.S. Postal Service to petitioners in Michigan.  In any event, petitioners received the notice of deficiency no later than the latter part of October 1997.

On January 22, 1998, a date 128 days after the notice of deficiency was mailed, the Court received and filed a petition for redetermination contesting respondent's deficiency determination.[3]  The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of January 16, 1998, a date 122 days after the notice of deficiency was mailed.  The petition, which is dated January 15, 1998, was signed on petitioners' behalf by their counsel, Carolyn J. Jackson, Esq. (Ms. Jackson).  At the time that the petition was filed, petitioners resided in East Lansing, Michigan.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on the ground that the petition was not timely filed.  Petitioners filed an objection to respondent's motion, to which respondent filed a response.

This matter was called for hearing at the Court's Motions Session in Washington, D.C., on June 17, 1998.  Counsel for both parties appeared at the hearing and presented argument with respect to the pending motion.

---

[3]  The petition, consisting of a preamble, five numbered paragraphs, and a prayer for relief, is less than three pages in length.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a); see sec. 7502(a); see also sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

Respondent mailed the notice of deficiency in question to petitioners at the Guilford address on September 16, 1997. The petition, which arrived at the Court in an envelope postmarked January 16, 1998, was filed by the Court on the date of receipt; i.e., on January 22, 1998.

Because the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a

timely petition, it follows that we lack jurisdiction.  Secs.
6213(a), 7502; Rule 13(a), (c); see <u>Normac, Inc. v.</u>
<u>Commissioner</u>, <u>supra</u>.  The question presented is whether
dismissal of this case should be premised on petitioners'
failure to file a timely petition under section 6213(a), or on
respondent's failure to issue a valid notice of deficiency under
section 6212.  Petitioners contend that the notice is invalid
because respondent did not use due diligence in attempting to
determine their last known address prior to mailing the notice.[4]

Although the phrase "last known address" is not defined in
the Internal Revenue Code or in the regulations thereunder, we
have held that a taxpayer's last known address is the address
shown on the taxpayer's most recently filed return, absent clear
and concise notice of a change of address.[5]  <u>Abeles v.</u>
<u>Commissioner</u>, 91 T.C. 1019, 1035 (1988); see <u>King v.</u>
<u>Commissioner</u>, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C.
1042 (1987).  The burden of proving that a notice of deficiency
was not sent to the taxpayer at the taxpayer's last known

_____

[4] Petitioners do not complain that respondent failed to
send a copy of the notice of deficiency to Mr. Pratesi.

[5] It should be recalled that petitioners' income tax
returns for 1994 and 1995 were filed on Nov. 13, 1996, and that
the notice of deficiency was mailed to petitioners on Sept. 16,
1997.  As previously noted, it appears that petitioners' income
tax return for 1996 was not filed before the notice of deficiency
was mailed.

address is on the taxpayer.  <u>Yusko v. Commissioner</u>, 89 T.C. 806, 808 (1987).

Petitioners do not dispute that they did not provide respondent with clear and concise notice of a change of address. However, petitioners contend that Mr. Pratesi's letter dated May 16, 1997, put respondent's agent on notice that Mr. Bulakites was in the process of relocating to Michigan, and, therefore, that respondent knew or should have known that the Guilford address was not petitioners' correct address.

Considering all of the facts and circumstances, including the fact that petitioners listed the Guilford address as their address on the Form 2848 submitted to respondent on May 21, 1997, we are not persuaded that respondent in the exercise of reasonable diligence knew or should have known that the Guilford address was not petitioners' correct address.  Thus we find that the deficiency notice was mailed to their last known address. In addition, petitioners actually received the notice of deficiency no later than the latter part of October 1997.

It is well settled that a notice of deficiency is not invalid merely because it is not sent to a taxpayer at the taxpayer's last known address.  In particular, an otherwise erroneously addressed notice of deficiency remains valid under section 6212(a) if it is actually received in sufficient time to permit the taxpayer, without prejudice, to file a timely

petition for redetermination.  See <u>Mulvania v. Commissioner</u>, 81 T.C. 65, 67-69 (1983) (erroneously addressed notice held valid in light of actual receipt by the taxpayer 16 days after it was mailed); see also <u>Patmon & Young Professional Corp. v. Commissioner</u>, 55 F.3d 216, 217 (6th Cir. 1995), affg. T.C. Memo. 1993-143.

The notice of deficiency was mailed to petitioners on September 16, 1997.  The record, as developed at the hearing, shows that petitioners actually received the notice of deficiency no later than the latter part of October 1997.  Consequently, petitioners had no less than 45 days in which to file a timely petition for redetermination with the Court.  The Court has held that receipt of a notice of deficiency with as few as 30 days remaining in the 90-day filing period was not prejudicial to the taxpayer.  See <u>Bowers v. Commissioner</u>, T.C. Memo. 1991-609 (69 days remaining); <u>Fileff v. Commissioner</u>, T.C. Memo. 1990-452 (60 days remaining); <u>George v. Commissioner</u>, T.C. Memo. 1990-147 (52 days remaining); <u>Manos v. Commissioner</u>, T.C. Memo. 1989-442 (at least 38 days remaining); <u>Loftin v. Commissioner</u>, T.C. Memo. 1986-322 (30 days remaining).  But see <u>Sicker v. Commissioner</u>, 815 F.2d 1400, 1401 (11th Cir. 1987) (receipt of notice with 8 days remaining in the filing period is not ample time in which to prepare a petition); <u>Looper v. Commissioner</u>, 73 T.C. 690, 699 (1980) (receipt of notice with 17

days remaining in the filing period is prejudicial to the taxpayer).

Consistent with <u>Mulvania v. Commissioner</u>, <u>supra</u>, we hold that petitioners received the notice of deficiency with sufficient time to file a timely petition for redetermination, that petitioners suffered no prejudice, and that the notice of deficiency in question is valid.  Because petitioners failed to file their petition in a timely manner, we will grant respondent's Motion To Dismiss For Lack Of Jurisdiction.[6]

To reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion To</u>

<u>Dismiss For Lack Of Jurisdiction</u>.

---

[6]  Although petitioners cannot pursue their case in this Court, they are not without a remedy.  In short, petitioners may pay the tax, file a claim for a refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).