129 T.C. No. 9

UNITED STATES TAX COURT

ALAN LEE AND DEBI MARIE KUYKENDALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16232-06L.          Filed September 25, 2007.

R mailed a notice of deficiency to Ps' last known address, but Ps did not receive it because they had moved. During a subsequent examination of their 2000 return, Ps were informed that a notice of deficiency for 1999 had been sent to them. At Ps' request, the examiner faxed a copy of the 1999 notice of deficiency to them that day, when only 12 days remained in the 90-day period within which to petition this Court. Ps did not petition this Court. R then issued a final notice of intent to levy with respect to 1999. In response, Ps requested a sec. 6330, I.R.C., hearing. R's Appeals Office determined that Ps had an opportunity to petition this Court for review, and therefore they could not contest the underlying tax liability. Ps now seek to challenge the underlying tax liability before this Court.

<u>Held</u>: Under sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., 12 days was insufficient time to allow Ps to petition this Court for redetermination

of a notice of deficiency. Therefore, Ps were not barred from contesting the underlying tax liability at their sec. 6330, I.R.C., hearing.

Alan Lee and Debi Marie Kuykendall, pro sese.

Emily Giometti, for respondent.

OPINION

HAINES, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.[1] Respondent's motion argues that petitioners were statutorily barred from challenging the existence or amount of the underlying tax liability in their section 6330 hearing because they received a notice of deficiency, and therefore, they are barred from challenging the liability before this Court.

Background

Petitioners, Alan Lee and Debi Marie Kuykendall (husband and wife) resided in Middletown, California, at the time the petition was filed.

Ms. Kuykendall was primarily employed as an accountant and bookkeeper. She also worked part time as a shift lead supervisor at a restaurant. On February 28, 2002, while working at the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

restaurant, Ms. Kuykendall was assaulted and robbed at gunpoint. She suffered from severe physical and psychological difficulties as a result of the assault. She was subsequently diagnosed with posttraumatic stress disorder.

Mr. Kuykendall worked as a property manager until he began experiencing medical problems in 2002. He was diagnosed with postpolio syndrome, a debilitating set of physiological changes in the nervous system, which results in extreme weakness, fatigue, and pain, among other symptoms. Mr. Kuykendall became unable to work and suffered from very poor short term memory.

In a letter dated April 29, 2002, respondent notified petitioners that their 1999 Federal income tax return had been selected for review. On May 23, 2002, Ms. Kuykendall requested that respondent delay the examination because of her medical difficulties. Respondent's examiner denied the request. On July 10, 2002, respondent sent petitioners an audit report showing the changes made to petitioners' 1999 return. Petitioners were allowed until September 3, 2002, to submit documents pertaining to their 1999 return. Petitioners did not respond.

On May 1, 2003, respondent issued a notice of deficiency to petitioners' last known address determining a tax deficiency of $4,591 for 1999. In the notice of deficiency, respondent disallowed petitioners' unreimbursed employee business expenses claimed on Schedule A, Itemized Deductions, of $18,169, and

certain Schedule C, Profit or Loss From Business, expenses, totaling $8,063.

On July 18, 2003, Ms. Kuykendall called respondent's examiner regarding a letter she had received related to petitioners' 2000 tax year. During the conversation, Ms. Kuykendall was informed that a notice of deficiency for 1999 had been mailed to them. Ms. Kuykendall informed respondent that petitioners had moved and that they did not receive the notice of deficiency. At Ms. Kuykendall's request, the examiner faxed a copy of the notice of deficiency to petitioners that day. With respect to the notice of deficiency, petitioners did not file a petition with this Court.

On February 14, 2004, respondent sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1999. On March 7, 2004, petitioners submitted a Form 12153, Request for a Collection Due Process Hearing. In their request for relief, petitioners disputed the underlying tax liability by asserting that the disallowed business expenses were valid. They also disputed the examiner's decision not to postpone the examination. On May 6, 2004, respondent's Appeals Office sent a letter to petitioners, offering them a hearing. On May 19, 2004, Ms. Kuykendall sent a letter to respondent's Appeals Office, accompanied by several documents relating to the disallowed business deductions.

On August 17, 2004, Appeals Officer Terrence Riddle conducted a face-to-face hearing with Ms. Kuykendall. At the hearing, petitioners sought to challenge the underlying tax liability by providing documentation to substantiate the disallowed deductions. Officer Riddle determined that petitioners could not properly challenge the underlying tax liability at the hearing because they previously had the opportunity to petition this Court for review of the deficiency. As to the examiner's decision not to postpone the audit, Officer Riddle determined that petitioners were allowed a reasonable amount of time in which to respond to the audit report.

On July 20, 2006, respondent issued a notice of determination sustaining the proposed collection action for 1999. Petitioners timely filed a petition with this Court. In the petition, they sought to challenge the underlying tax liability by asserting that the disallowed deductions were valid. Petitioners also challenged respondent's failure to postpone the examination of their 1999 return.

On June 19, 2007, respondent filed a motion for summary judgment on all issues in the case. On July 27, 2007, petitioners filed their response.

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v.

Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court will view any factual material and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, supra at 821; Naftel v. Commissioner, supra at 529.

Before the Commissioner may levy on any property or property right, the taxpayer must be provided written notice of the right to request a hearing during the 30-day period before the first levy. Sec. 6330(a). If the taxpayer requests a hearing, an Appeals officer of the Commissioner must hold the hearing. Sec. 6330(b)(1). At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A).

Section 6330(c)(2)(B) limits the taxpayer's ability to challenge the underlying tax liability during the hearing.

Specifically, the taxpayer may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Id.

"Receipt of a statutory notice of deficiency for this purpose means receipt in time to petition the Tax Court for a redetermination of the deficiency asserted in the notice of deficiency."  Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. Therefore, section 6330(c)(2)(B) contemplates actual receipt by the taxpayer.[2]  Tatum v. Commissioner, T.C. Memo. 2003-115.

We have not previously addressed the issue of how much time is required under section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., for a taxpayer to petition this Court for redetermination of a deficiency.  However, we have addressed similar questions in determining whether a taxpayer who failed to file a timely petition with this Court was prejudiced by an improperly addressed notice.  Our decisions in those cases inform our analysis of the current issue.

_____

[2]If, however, the notice of deficiency was not received because the taxpayers deliberately refused delivery, they may not seek to challenge the underlying tax liability at a sec. 6330 hearing or before this Court.  Sego v. Commissioner, 114 T.C. 604, 611 (2000).  Respondent does not argue, nor would we find, that petitioners deliberately refused delivery of the notice of deficiency.

The jurisdiction of this Court is dependent on the timely filing of a petition. Rule 13(c). In a deficiency suit, a taxpayer is generally given 90 days from the issuance of a notice of deficiency to petition this Court for review. Sec. 6213(a). However, we have jurisdiction to decide whether a taxpayer had insufficient time to properly file a petition because he was prejudiced by an improperly addressed notice. Looper v. Commissioner, 73 T.C. 690, 699 (1980).

In general, we have held that when a notice of deficiency is actually received by the taxpayer with at least 30 days remaining in the filing period, the taxpayer had sufficient time to petition this Court for review. See, e.g., Mulvania v. Commissioner, 81 T.C. 65, 67-69 (1983) (74 days remaining); Masino v. Commissioner, T.C. Memo. 1998-118 (69 days remaining); Fileff v. Commissioner, T.C. Memo. 1990-452 (60 days remaining); George v. Commissioner, T.C. Memo. 1990-147 (52 days remaining); Bulakites v. Commissioner, T.C. Memo. 1998-256 (45 days remaining); Loftin v. Commissioner, T.C. Memo. 1986-322 (30 days remaining); Eger v. Commissioner, T.C. Memo. 1984-325 (30 days remaining).

However, when a notice was received with only 17 days remaining in the filing period, we held that the taxpayer had insufficient time to petition this Court. Looper v. Commissioner, supra at 699. Similarly, the Court of Appeals for

the Eleventh Circuit held as a matter of law that receipt of a notice of deficiency with only 8 days remaining in the filing period was insufficient to permit the timely filing of a petition.  Sicker v. Commissioner, 815 F.2d 1400 (11th Cir. 1987).

In this case, petitioners received the notice of deficiency with 12 days remaining to petition this Court.  Petitioners did not deliberately avoid receipt of the notice.  In fact, upon realizing that they did not receive it, petitioners asked respondent's examiner to fax it to them immediately.  Since petitioners received the notice of intent to levy, Ms. Kuykendall has diligently sought to dispute the underlying tax liability by requesting a section 6330 hearing and providing respondent's Appeals officer documentation supporting the disallowed deductions.

Applying the standards set forth in Mulvania v. Commissioner, supra, and Looper v. Commissioner, supra, to section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., we hold that 12 days was insufficient time for petitioners to petition this Court for redetermination of the notice of deficiency. Therefore, petitioners were entitled to challenge the existence or the amount of the underlying tax liability during their section 6330 hearing.

By setting forth specific facts, petitioners have shown there is a genuine issue of material fact as to whether the deductions disallowed by the notice of deficiency should be allowed.  See Rule 121(d).  We shall, therefore, deny respondent's motion for summary judgment and remand the case to respondent's Appeals Office for further proceedings consistent with this Opinion.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.