T.C. Memo. 2008-277

UNITED STATES TAX COURT

ALAN LEE KUYKENDALL AND DEBI MARIE KUYKENDALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16232-06L.          Filed December 10, 2008.

Alan Lee Kuykendall and Debi Marie Kuykendall, pro sese.

<u>Shirley D. Chin</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioners
seek review of respondent's determination to proceed with the
collection of petitioners' unpaid 1999 Federal income tax
liability.  The issue is whether petitioners are entitled to an

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended.

abatement of interest under section 6404(e) with respect to their 1999 tax liability.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the exhibits attached thereto, and the stipulation of settled issues are incorporated herein by this reference. Petitioners resided in California at the time their petition was filed.

After receiving a Final Notice of Intent to Levy and Notice of Your Right to a Hearing from respondent, petitioners timely requested a hearing. Petitioners sought to dispute their 1999 tax liability. However, respondent's Appeals officer determined that petitioners were not entitled to challenge the underlying liability because they had received a notice of deficiency.

Under section 6330(c)(2)(B) a taxpayer may challenge the underlying liability during a section 6330 hearing only if the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability. However, the regulations clarify that receipt of a notice of deficiency means receipt in time to petition this Court for redetermination of the deficiency. Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

In fact, petitioners received the notice of deficiency with only 12 days remaining to petition this Court. Petitioners

sought review of respondent's determination not to allow a challenge to the underlying liability. In <u>Kuykendall v. Commissioner</u>, 129 T.C. 77, 82 (2007), we determined that 12 days was insufficient to allow petitioners to petition for redetermination of the deficiency, and therefore petitioners were entitled to challenge the underlying liability during their hearing. We then remanded the case to respondent's Office of Appeals to give petitioners the opportunity to dispute the liability. <u>Id.</u>

As a result of the hearing, the parties agreed that petitioners' 1999 tax liability should be reduced from $4,695 to $2,695.[2] However, petitioners objected to the assessment of interest on the deficiency, and they requested an abatement of interest. The parties subsequently filed a stipulation of settled issues resolving all issues with the exception of interest owed on the deficiency.

Discussion

Section 6404(e)(1) provides that the Secretary may abate the assessment of interest that accrued as the result of any unreasonable error or delay by an officer or employee of the

---

[2]Petitioners reported tax due of $104 on their return. Respondent determined a $4,591 deficiency.

Internal Revenue Service in performing a ministerial or managerial act.[3]  A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment or discretion and occurs during the processing of a taxpayer's case after all the prerequisites to the act, such as conferences and review by supervisors, have taken place.  See Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  A managerial act means an administrative act that involves a temporary or permanent loss of records or the exercise of judgment or discretion relating to personnel management during the processing of a taxpayer's case.  Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.  In contrast, a decision concerning the proper application of Federal tax law is not a ministerial or managerial act.  Sec. 301.6404-2(b), Proced. & Admin. Regs.

Petitioners contend they are entitled to an abatement of interest beginning on August 17, 2004, when the Appeals officer first decided that they could not challenge the underlying liability.  Petitioners argue that because we held in Kuykendall v. Commissioner, supra at 82, that they were entitled to challenge the underlying liability, the Appeals officer's

---

[3]Where a taxpayer makes a request for abatement of interest during a sec. 6330 hearing, the Court has jurisdiction over the request for abatement of interest that is the subject of the Commissioner's collection activities.  Katz v. Commissioner, 115 T.C. 329, 340-341 (2000).

decision was an error, and interest that accrued after that error should be abated.

The issue is whether the Appeals officer's decision not to allow petitioners' challenge to the underlying liability was a managerial or ministerial error. It was neither. Before our Opinion in <u>Kuykendall</u>, to our knowledge no court had addressed whether a taxpayer, upon receipt of a notice of deficiency, had sufficient time to petition this Court for redetermination of the deficiency so as to be precluded from challenging the underlying liability during a section 6330 hearing. Respondent's Appeals officer decided that 12 days was sufficient. This was a decision concerning the proper application of Federal tax law: how section 6330(c)(2)(B) and section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., applied to petitioners' situation. Therefore, it was not a ministerial or managerial error, and petitioners are not entitled to an abatement of interest.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.