CARGILL, INC., et al.,
Plaintiffs-Appellants,

v.

DOXFORD AND SUNDERLAND, LTD.,
et al., Defendants,

Bethlehem Steel Corporation,
Defendant-Appellee.

No. 85–3486.

United States Court of Appeals,
Fifth Circuit.

April 2, 1986.

O'Neil, Eichin & Miller, Earl S. Eichin, Jr., I. Matthew Williamson, Machale A. Mil-

ler, New Orleans, La., for plaintiffs-appellants.

Terribery, Carroll & Yancey, Edward S. Bagley, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING WITH SUGGESTIONS FOR REHEARING EN BANC

PER CURIAM:

### I

Sometime after defendant Bethlehem Steel repaired M/V SERENA's engine, the ship was chartered to plaintiff Cargill. While under charter, the ship experienced engine failure while she was transporting Cargill's grain. Although the grain was not damaged when the engine failed, Cargill later suffered physical and economic losses due to the interruption of the voyage. Cargill sued Bethlehem Steel in tort, alleging negligence in the repair of the ship's engine. On the authority of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 309, 48 S.Ct. 134, 135, 72 L.Ed. 290 (1927) ("a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong"), we affirmed the district court's summary judgment in favor of Bethlehem Steel:

> [A]ny injury to Cargill's property, physical or otherwise, resulted from the SERENA's being disabled at a time when Cargill expected her to be able to transport Cargill's grain. Any such expectations, however, would have been justified solely because of the contract between Cargill and the owner of the

SERENA. To allow Cargill to recover against Bethlehem would therefore violate the rule stated in *Robins Dry Dock;* in modern parlance it would find a breach of duty when no breach had occurred.

At 498–99. Cargill now argues that this case is not governed by *Robins Dry Dock* but by *Aktieselskabet Cuzco v. The SUCARSECO ("The TOLUMA")*, 294 U.S. 394, 55 S.Ct. 467, 79 L.Ed. 942 (1935), and *Amoco Transport Co. v. S/S MASON LYKES*, 768 F.2d 659 (5th Cir.1985). Although we think that Cargill's argument is without merit, we offer the following discussion for the future guidance of the admiralty bar.

### II

It is well-settled that when two ships collide, the owners of cargo on one ship may proceed in tort directly against the other, non-carrying ship. *The TOLUMA*, 294 U.S. at 400, 55 S.Ct. at 469–70; *United States v. Atlantic Mutual Ins. Co.*, 343 U.S. 236, 240, 72 S.Ct. 666, 668–69, 96 L.Ed. 907 (1952); *Weyerhauser S.S. Co. v. United States*, 372 U.S. 597, 604, 83 S.Ct. 926, 930, 10 L.Ed.2d 1 (1963); *O/Y Finlayson-Forssa A/B v. Pan Atlantic S.S. Corp.*, 259 F.2d 11 (5th Cir.1958); *The MASON LYKES*, 768 F.2d at 668. The rule has been applied even when the cargo did not suffer any immediate physical damage in the collision. *E.g., The TOLUMA, supra; The MASON LYKES, supra.* This rule is founded on the notion of a "common venture," according to which ship and cargo share by law in certain of the risks, rights, and responsibilities of a voyage; the law of general average is the context in which the "common venture" concept most often arises.

It is difficult to imagine a context in which the special legal notion of a "common venture" could have any application before the cargo was loaded on the ship. *Cf.* 2A *Benedict on Admiralty* § 35, at 4–17 (6th ed. 1985). In the present case, where the alleged negligence in repairing the SERENA's engine occurred before she was chartered to Cargill and before Car-

gill's grain was loaded, application of the "common venture" notion would emasculate *Robins Dry Dock*. Even if the traditional rule—permitting cargo to proceed directly against a non-carrying tortfeasor for damages arising from an injury to the carrying ship—were extended to non-collision cases, an extension that we do not here adopt or endorse, that rule can have no application where the tort to the carrying ship took place before the cargo was loaded. This case is therefore governed by *Robins Dry Dock* rather than by *The TOLUMA* or *The MASON LYKES*.

### III

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.