Michael L. Paup, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Roger M. Olsen, Ann Belanger Druney, James H. Love, Washington, D.C., for respondent-appellee.

Charles R. SICKER,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 86–5498
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1987.

Before HILL, KRAVITCH and CLARK, Circuit Judges.

HILL, Circuit Judge:

This appeal involves the timeliness of a taxpayer's filing of a petition for redetermination of deficiency. On July 29, 1985, the Internal Revenue Service mailed appellant Charles Sicker a notice of deficiency. *See* 26 U.S.C. § 6212(a) (1982). This notice was mailed to Rt. 1, Box 163*5*, O'Keechobee, FL 33472. Appellant's last known address, however, was Rt. 1, Box 163*3*, O'Keechobee, FL 33472.

Before the Tax Court,[1] appellant maintained that the notice of deficiency was sent to his ex-wife and he did not learn of it until October 24—87 days after the notice was mailed. Although appellant's petition for redetermination bore the date "10/20/85" beside his signature, appellant claims he misdated the petition in his haste.

1. Sickler did not make a personal appearance before the Tax Court. He did, however, prepare a written statement in lieu of an appearance at the hearing.

The postmark appearing on the petition for redetermination is October 29, 1985—one day beyond the 90 day filing period. The Tax Court concluded that the late filing deprived the court of jurisdiction. Therefore, the court dismissed the appeal:

> Based upon the record, the court is satisfied that Petitioner certainly received this notice of deficiency in time to file a proper petition, that the incorrect number on the post office box does not invalidate the notice of deficiency; and accordingly, [the Commissioner's] motion to dismiss for lack of jurisdiction will be granted[.]

We disagree.

Under the Internal Revenue Code, a petition for redetermination must be filed within 90 days from the date on which the notice of deficiency is mailed. *See* 26 U.S.C. § 6213(a) (1982). The Code specifically provides: "[N]otice of a deficiency in respect of a tax ... if mailed to the taxpayer at his last known address, shall be sufficient...." *Id.* § 6212(b)(1). This circuit has held that when the Internal Revenue Service erroneously sends a notice of deficiency to an address other than the taxpayer's "last known address," the notice is deemed to be effective when mailed, *provided* the notice is actually received by the taxpayer with ample time to file a petition for redetermination. *Pugsley v. Commissioner*, 749 F.2d 691, 692–93 (11th Cir. 1985); *see also Mulvania v. Commissioner*, 769 F.2d 1376, 1378 (9th Cir.1985); *Clodfelter v. Commissioner*, 527 F.2d 754, 756 (9th Cir.1975), *cert. denied*, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976).

In the present case, the Tax Court did not make a finding of fact as to the date upon which the notice of deficiency was actually received. Even if the Tax Court did not accept the appellant's statement that he misdated the petition, the only other evidence appearing in the record as to actual receipt of the notice is the date appearing by appellant's signature—October 20, 1985, eight days before the deadline. Here, the notice of deficiency mailed by the IRS was at least 83 days late due to the Service's error in addressing the notice.

Nevertheless, the government seeks to fault the appellant for returning his petition for redetermination one day late. This is not a case such as *Pugsley* where the notice of deficiency was immediately received by the taxpayer. As a matter of law, eight days cannot be considered ample time in which to prepare a petition for redetermination. Congress has determined that 90 days is an appropriate time period in which to prepare such a petition. The time period in this case is less than one-tenth of the time normally allowed for filing such a petition. Accordingly, the decision of the Tax Court is

REVERSED and REMANDED.