T.C. Memo. 1997-372


UNITED STATES TAX COURT


TYSON BONTY AND TORIE A. STEPHENS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

TYSON BONTY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19640-96, 19641-96.          Filed August 14, 1997.


<u>Tad D. Ransopher</u>, for petitioners.

<u>David Delduco</u>, for respondent.


MEMORANDUM OPINION

WELLS, <u>Judge</u>:  These cases are before the Court on
respondent's motions to dismiss for lack of jurisdiction.

Respondent determined deficiencies in petitioners' Federal income taxes and penalties as follows:

Tyson Bonty and Torie A. Stephens, docket No. 19640-96

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|---------------------|
| 1994 | $8,729 | $1,746 |

Tyson Bonty, docket No. 19641-96

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|---------------------|
| 1992 | $4,214 | $843 |
| 1993 | 13,031 | 2,606 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent filed the instant motions, and petitioners filed objections to respondent's motions.

Background

At the time petitioners filed their petitions in the instant cases, petitioners resided in Doraville, Georgia.

During or about March 1996, petitioners moved to 1408 Brook Court Avenue in Doraville, Georgia (the Brook Court address). On or before April 15, 1996, petitioners filed with the Internal Revenue Service Center in Atlanta, Georgia, their 1995 joint Federal income tax return, which listed the Brook Court address as their address.

On June 7, 1996, respondent mailed notices of deficiency in the instant cases to petitioners at 635 Wood Terrace Way in Doraville, Georgia (the Wood Terrace address). Petitioners actually received the notices of deficiency on or about June 28, 1996.

Petitioners mailed, via U.S. mail, petitions in the instant cases on September 6, 1996, which date is 91 days after the mailing of the notices of deficiency. The petitions in the instant cases were filed with this Court on September 10, 1996, which date is 95 days after the mailing of the notices of deficiency.

Respondent contends that the instant motions should be granted because, pursuant to sections 6213(a) and 7502, the petitions in the instant cases were filed more than 90 days after the notices of deficiency were mailed. Petitioners contend that, for purposes of section 6212(b)(1), petitioners' last known address is the Brook Court address, which petitioners provided on their 1995 joint Federal income tax return. Additionally, petitioners argue that respondent, in mailing the notices of deficiency to the Wood Terrace address, failed to exercise reasonable diligence in determining petitioners' last known address, citing Gaw v. Commissioner, 45 F.3d 461 (D.C. Cir. 1995), revg. and remanding T.C. Memo. 1993-379, and Crawford v. Commissioner, T.C. Memo. 1996-460. Accordingly, petitioners

contend that the statutory 90-day filing period should not begin until petitioners actually received the notices of deficiency.

Discussion

Section 6212(a) provides that, when a deficiency in tax is determined to exist, the Secretary of the Treasury is authorized to send a notice of deficiency by certified mail to a taxpayer. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized pursuant to section 6212(a) shall be sufficient if it is mailed to the taxpayer at the taxpayer's "last known address".  Respondent has the burden of proving that the notice of deficiency was properly mailed. August v. Commissioner, 54 T.C. 1535, 1536 (1970).

If a notice of deficiency is mailed to a taxpayer within the United States, the taxpayer may file a petition in this Court within 90 days after the notice of deficiency is mailed.  Sec. 6213(a).  For purposes of computing the 90-day filing period, timely mailing is timely filing.  Sec. 7502(a).  A valid notice of deficiency and a timely petition are essential to this Court's jurisdiction, and any case in which one or the other is not present must be dismissed.  Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if it is mailed to the taxpayer's "last known address".  Sec. 6212(b)(1); see Yusko v. Commissioner, 89 T.C. 806, 810 (1987); King v. Commissioner, 88 T.C. 1042, 1047

(1987), affd. 857 F.2d 676 (9th Cir. 1988); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If the notice of deficiency is not mailed to the "last known address" pursuant to section 6212(b)(1), however, the notice nevertheless meets the requirements of section 6212(a) and is valid from the date of its mailing if the taxpayer actually receives the notice in sufficient time to file a timely petition without prejudicial delay. Pugsley v. Commissioner, 749 F.2d 691, 693 (11th Cir. 1985); Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Frieling v. Commissioner, supra at 57. Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme. Mulvania v. Commissioner, supra at 68, and cases cited thereat. Accordingly, a taxpayer's actual receipt of a notice of deficiency, without prejudicial delay, obviates the need to decide whether the notice was mailed to the last known address.

Petitioners contend that, for purposes of section 6212(b)(1), petitioners' last known address is the Brook Court address, which petitioners provided on their 1995 joint Federal income tax return. Additionally, petitioners argue that respondent, in mailing the notices of deficiency to the Wood Terrace address, failed to exercise reasonable diligence in determining petitioners' last known address, citing Gaw v. Commissioner, supra, and Crawford v. Commissioner, supra.

Accordingly, petitioners contend that the statutory 90-day filing period should not begin until petitioners actually received the notices of deficiency.

Petitioners' reliance on Gaw v. Commissioner, supra, and Crawford v. Commissioner, supra, is misplaced.  In each of those cases, the taxpayer did not receive the notice of deficiency prior to the end of the 90-day period allowed for filing a petition in this Court.  Gaw v. Commissioner, supra at 464 (notice of deficiency not received by the taxpayer because it was returned by the taxpayer's apartment manager to the Commissioner); Crawford v. Commissioner, supra (notice of deficiency returned to the Commissioner marked "UNABLE TO FORWARD").  In the instant cases, however, petitioners concede that they actually received the notices of deficiency prior to the end of such 90-day period.  As we stated supra, a taxpayer's actual receipt of a notice of deficiency, without prejudicial delay, obviates the need to consider a taxpayer's "last known address" pursuant to section 6212(b)(1).  Accordingly, the issue to be decided is whether petitioners' receipt of the notices of deficiency 21 days after they were mailed by respondent constitutes "prejudicial delay".

Based upon our review of the records in the instant cases, we conclude that the notices of deficiency were received by petitioners without prejudicial delay.  Petitioners concede that they received the notices of deficiency on or about June 28,

1996, which is 21 days after they were mailed.  Accordingly, petitioners had 69 days remaining in the 90-day filing period to file petitions.  We have held that receipt of a notice of deficiency that was addressed incorrectly with 69 or fewer days remaining in the filing period was not prejudicial.  Bowers v. Commissioner, T.C. Memo. 1991-609 (69 days remaining); Fileff v. Commissioner, T.C. Memo. 1990-452 (60 days remaining); George v. Commissioner, T.C. Memo. 1990-147 (52 days remaining); Loftin v. Commissioner, T.C. Memo. 1986-322 (30 days remaining).  But see Sicker v. Commissioner, 815 F.2d 1400, 1401 (11th Cir. 1987) (the Court of Appeals held that receipt of a notice of deficiency with 8 days remaining in the filing period was not ample time in which to prepare a petition); Looper v. Commissioner, 73 T.C. 690, 699 (1980) (receipt of notice with 17 days remaining was prejudicial).

Petitioners do not offer any explanation for their failure to file petitions timely, and it may be inferred that their own inaction, after the receipt of the notices, was responsible for the late filing.  Petitioners' failure to file timely petitions does not appear to be the result of any error in the address to which the notices of deficiency were mailed.  Consequently, on the basis of the facts and circumstances of the instant cases, we hold that petitioners received the notices of deficiency without prejudicial delay and in ample time to file petitions.

Accordingly, we hold that the notices are valid from the date of their mailing and that the 90-day filing period in the instant cases therefore began on June 7, 1996, the date of the mailing of the notices of deficiency.  As the petitions in the instant cases were not timely filed, we grant respondent's motions to dismiss.

To reflect the foregoing,

<u>Appropriate orders will</u>

<u>be entered.</u>