[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14789
Non-Argument Calendar

_____

D. C. Docket No. 06-01873-CV-T-30TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID W. GOLDSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 27, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

In this case brought to reduce the Internal Revenue Service's (IRS) assessment of tax liabilities to judgment, David W. Goldston appeals the district court's summary judgment for the Government, judgment against him, and denial of his motion for reconsideration. On appeal, Goldston argues (1) the district court lacked subject matter jurisdiction over the case, (2) summary judgment was improper because he never received the IRS's statutory notice of deficiency, (3) summary judgment was improper because there were inaccuracies in the IRS's assessment of his tax liabilities, and (4) the Government was collaterally estopped from litigating the issue of his tax liability, and the doctrine of *res judicata* barred the entire proceeding, given his prior conviction (and accompanying restitution order) for income tax evasion.[1]

## I. Jurisdiction

We review *de novo* the district court's conclusions as to subject matter jurisdiction. *Popowski v. Parrot*, 461 F.3d 1367, 1372 (11th Cir. 2006).

Article III, § 2, of the United States Constitution provides the federal courts' judicial power extends "to all Cases . . . arising under . . . the Laws of the United

---

[1] Both parties agree on appeal that Goldston was not collaterally estopped from challenging the merits of his 1991 tax liabilities. To the extent Goldston argues the Government was estopped from doing so, we decline to consider his argument because such a determination was not the basis of the district court's order. As to *res judicata*, we have noted that a prior criminal restitution order has never been applied as *res judicata* against a subsequent damages action. *United States v. Barnette*, 10 F.3d 1553, 1562 (11th Cir. 1994). Therefore, we find no merit to Goldston's argument that the present case was barred by *res judicata*.

2

States," and "to Controversies to which the United States shall be a Party." Pursuant to 28 U.S.C. § 1340, the district court has original jurisdiction over civil actions arising under Congressional acts which provide for internal revenue. Under 28 U.S.C. § 1345, the district court has original jurisdiction over civil actions and proceedings commenced by the United States or its agencies.

Section 7402(a) of the IRC, codified at 26 U.S.C. § 7402(a), grants the district court jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." We have noted "[t]he language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984). We have also noted, because the "Tax Court possesses no statutory authority to issue orders in aid of IRS collection activities[,] . . . . the Government must bring a suit for collection of tax in federal district court . . . if it wants judicial assistance in recovering a tax deficiency." *Roberts v. Comm'r of Internal Revenue*, 175 F.3d 889, 896 (11th Cir. 1999).

The present case involves federal income tax laws, and the United States was a party, so the district court had jurisdiction under Article III, 28 U.S.C. § 1340, and 28 U.S.C. § 1345. Given the court's ability to render judgments as necessary to enforce internal revenue laws, and its broad power to compel

3

compliance with the tax laws, the district court also had jurisdiction under 26 U.S.C. § 7402(a).

## II. Summary Judgment: Notice of Deficiency

Under the Internal Revenue Code, the IRS may file a substitute return for a taxpayer who fails to file an income tax return. 26 U.S.C. § 6020(b).[2] Before the IRS takes steps to collect unpaid taxes, it must send the taxpayer a notice of deficiency, which the taxpayer may contest in Tax Court. 26 U.S.C. §§ 6212(a), 6213(a).

As we have recognized, "[m]any courts have found evidence of routine business mailing practices sufficient to show that certain items were mailed." *United States v. Henry*, 920 F.2d 875, 877 (11th Cir. 1991). An IRS Revenue Officer testified it was the agency's regular practice to send a notice of deficiency before making an assessment, and IRS records showed a notice was mailed to Goldston. Although the testifying Revenue Officer did not personally mail the notice, his testimony regarding the agency's regular practice, combined with the agency's records, was sufficient to show the notice of deficiency was mailed. *See*

---

[2] Goldston contends the IRS was not authorized to prepare a Substitute for Return on Form 1040, because Form 1040 is not a valid form under the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq.* We have previously rejected this argument. *See United States v. Neff*, 954 F.2d 698, 700 (11th Cir. 1992) (holding the Paperwork Reduction Act provides no refuge from the statutory duty to file income tax returns).

*Henry*, 920 F.2d at 877. The IRS's records also showed the notice of deficiency was returned as "undeliverable," and there is no indication the IRS mailed the notice to anywhere other than Goldston's last known address.

We have held, where the IRS sends the notice of deficiency to an address other than the taxpayer's last known address, the notice is effective when mailed only if it is actually received by the taxpayer with ample time to file a petition for redetermination. *Sicker v. Comm'r of Internal Revenue*, 815 F.2d 1400, 1401 (11th Cir. 1987). Other circuits have held actual receipt is not required if the notice is mailed to the taxpayer's last known address. *See, e.g., Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994); *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992); *Williams v. Comm'n Internal Revenue Serv.*, 935 F.2d 1066, 1067 (9th Cir. 1991). The relevant statute requires only that the notice be mailed by certified or registered mail at the taxpayer's last known address, and does not mention actual receipt. 26 U.S.C. § 6212(a), (b)(1).

Here, the Government showed the IRS mailed the notice of deficiency, and there was no indication it was mailed to anywhere other than Goldston's last known address. Based on the statutory language, we agree with the majority of the circuits that actual receipt of a notice of deficiency is not required if mailed to the taxpayer's last known address. Accordingly, the notice was valid. Because there

5

is no record evidence that the IRS failed to mail a statutory notice of deficiency, the district court did not err by finding Goldston failed to create a genuine issue of material fact as to this issue.

### III. Summary Judgment: Challenges to Assessment

We review "a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion." *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005). A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "There is a genuine issue of material fact if the nonmoving party has produced evidence that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). "The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect." *Webb v. Comm'r of Internal Revenue*, 872 F.2d 380, 381 (11th Cir. 1989).

Unsworn statements, even from *pro se* parties, should not be "consider[ed] in determining the propriety of summary judgment." *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980). Federal law does provide an alternative to making a

sworn statement, but requires that the statement include a hand-written statement, signed and dated, that the statement is true under the penalties of perjury. 28 U.S.C. § 1746.

Goldston contends the IRS's assessment was inaccurate with respect to income from a non-compete agreement. There is no evidence in the record to support Goldston's contention that the IRS applied income from the non-compete agreement in 1991. Rather, the record shows all the income received from this agreement was applied to his 1990 income.

Goldston also contends the IRS's assessment was inaccurate with respect to income received from pension distributions. The IRS determined, and the Government maintained, Goldston received $480,540 as pension distributions in 1991. As evidence he received less than that amount, Goldston offered his own unsworn statement, his own unsworn "Explanation," and multiple unsigned and unfiled 1991 tax forms. Goldston also offered testimony from Sondra McPhail, an IRS agent who handled Goldston's account, and Michele Mangan, a CPA. McPhail and Mangan testified the originally recorded $480,540 distribution was later reduced, and Mangan stated in her affidavit that she determined Goldston received only $118,370. Finally, the record includes Goldston's deposition

testimony that the plan never included $480,000 and that he received "about $65,000" in distributions.

We will not consider Goldston's unsworn statements or the multiple unsigned tax forms. *See Gordon*, 622 F.2d at 123. However, the district court did not mention the transcripts, Mangan's affidavit, or Goldston's deposition in its order granting summary judgment. These documents contradict the Government's assertion that Goldston received $480,540 in pension distributions. This evidence created a genuine dispute of material fact and rendered summary judgment improper. Accordingly, we vacate the district court's order granting summary judgment, as well as its judgment against Goldston, and remand this case for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**