[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2009
THOMAS K. KAHN
CLERK

No. 09-10213
Non-Argument Calendar

_____

D. C. Docket No. 07-00529-CV-4-RH-WCS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

DON WARNER REINHARD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 28, 2009)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Don Warner Reinhard, proceeding pro se, appeals the district court's order

entering judgment against him in this civil enforcement action brought by the

Securities and Exchange Commission (the "SEC") alleging securities fraud under the Securities Act of 1933, the Securities and Exchange Act of 1934, and the Investment Advisers Act of 1940. On appeal, Reinhard argues that the district court (a) abused its discretion by denying his request for additional time to respond to the SEC's complaint; (b) erred in failing to hear testimony from the process server before finding that Reinhard was properly served; and (c) erred in finding that he waived any objection to improper service of process. After review, we affirm.

## I. BACKGROUND

On December 13, 2007, the SEC commenced a civil enforcement action against Appellant Reinhard in the United States District Court for the Northern District of Florida. The SEC's complaint alleged that Reinhard controlled an investment firm and a hedge fund, and made false and misleading statements and omissions of material fact to his clients in the offer and sale of collateralized mortgage obligations.

On February 13, 2008, a process server delivered a summons and complaint to Reinhard's home. The process server's return of service states as the method of service: "Drop serve after Mr. Reinhard answered door and slammed door." Reinhard avers that he found the papers on his porch on February 19, 2008, but

does not deny that he answered and then slammed the door.

According to the SEC, on March 4, 2008, Reinhard's counsel, William C. Owen, spoke with the SEC's counsel regarding the effectiveness of the February 13 service of process. Reinhard's counsel agreed to accept service on Reinhard's behalf in exchange for the SEC's agreeing to a 20-day extension for Reinhard's answer to the enforcement complaint (i.e., until March 24, 2008). Reinhard's counsel then sent a letter to the SEC's counsel confirming the conversation and enclosing a copy of Reinhard's affidavit which counsel had intended to file in support of a potential motion to quash service of process. On the same day, the SEC's counsel sent a letter to Reinhard's counsel memorializing the parties' agreement.

On March 20, 2008, Reinhard's counsel informed the SEC's counsel that he would no longer be representing Reinhard. The SEC then agreed to grant Reinhard an additional four days beyond the original extension date (i.e., until March 28, 2008) to file his answer.

On March 26, 2008, Reinhard pro se filed a motion for an additional extension of time, arguing that he had not been served with a summons but had contacted an attorney to represent him. Reinhard's motion stated that he understood his attorney had negotiated with the SEC regarding the effectiveness of

service of process.  On April 11, 2008, the district court granted Reinhard's pro se motion and ordered him to answer no later than April 18, 2008.

On April 18, 2008, Reinhard sent a letter to the district court stating that he did not receive the court's order until April 17, thus allowing him only "1 day to react and respond."  Also in the letter, Reinhard made a request for an additional sixty days to answer the complaint.  The district court denied this request.

On June 9, 2008, the SEC moved for entry of a default against Reinhard for failure to answer.  The clerk entered a default against Reinhard on June 12, 2008.

On June 24, 2008, Reinhard filed an "objection and response" to the SEC's motion for default, asserting that his former attorney had filed a motion to withdraw and that Reinhard was "under the impression this motion [to withdraw] had to [sic] taken up before anything else could be done."  Reinhard also argued that the action should be dismissed on the ground that an automatic stay was triggered upon his filing for bankruptcy.  On July 1, 2008, the SEC filed a response opposing Reinhard's request that the default be set aside.  On July 8, 2008, the SEC moved for entry of a final default judgment against Reinhard.

On July 14, 2008, the district court, construing Reinhard's "objection and response" filing as a motion to vacate the default, denied the motion, observing that no attorney ever appeared in this action for Reinhard and that there was no

4

motion pending for leave to withdraw as counsel.  The district court also ruled that Reinhard's bankruptcy petition did not bar this action, reasoning that, pursuant to 11 U.S.C. § 362(b)(4), the Bankruptcy Code's automatic stay does not apply to enforcement actions brought by the government.  The district court granted the SEC's motion for a default judgment.

On July 22, 2008, Reinhard moved for "reconsideration and clarification" of the court's order declining to set aside the default.  Reinhard's reconsideration motion stated that he believed he would not be able to secure legal counsel, but that his defenses to the enforcement action were meritorious.  Reinhard requested that the court set aside the default judgment and allow him to proceed pro se. Reinhard's motion further argued that the automatic stay in his bankruptcy case barred the SEC's request for disgorgement.[1]  The district court denied Reinhard's motion for reconsideration and clarification.

On October 3, 2008, the district court ordered Reinhard to pay for disgorgement of ill-gotten gains, plus prejudgment interest, and a civil money penalty; enjoined him from violating various provisions of the securities laws; and set a date of December 8, 2008 for a bench trial to determine the amounts of the

_____

[1]Because Reinhard does not raise any bankruptcy stay issues on appeal, these issues are waived.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that an issue not raised on appeal is waived).

5

disgorgement and civil penalty.

On October 16, 2008, Reinhard moved to quash or strike the service of process, arguing that the summons was not personally delivered to his residence.

At the December 8, 2008 bench trial, Reinhard agreed to have the service of process issue "resolved based on the written papers already submitted." The district court ultimately denied Reinhard's motion to quash the service of process on the ground that Reinhard waived any objection to service of process by failing to raise the issue earlier. Alternatively, the district court found that the service on Reinhard was sufficient, crediting the process server's statement that, when he attempted to serve Reinhard at his home, Reinhard answered the door but then slammed it.

Also at the December 8, 2008 bench trial, the district court found that Reinhard had received the amount of $5,857,241.09 as a result of the fraud alleged in the enforcement complaint and ordered him to disgorge that amount, together with prejudgment interest of $2,258,940.58. The district court also imposed on Reinhard a civil penalty of $120,000.

## II. DISCUSSION

### A.    Extension of Time

Reinhard first argues that the district court erred in granting him only a

seven-day extension of time, until April 18, 2008, because this gave him insufficient time to respond to the enforcement complaint.[2]

Reinhard's argument lacks merit because Reinhard was actually given over two months to answer the complaint. Service of process was effected on February 13, 2008, and thus Reinhard was required to serve his answer no later than March 4, 2008. See Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 20 days after being served with a summons and complaint). After discussions with Reinhard's counsel, the SEC's counsel informally agreed to extend that deadline to March 24. Reinhard's counsel then withdrew, at which time the SEC's counsel agreed to an additional four-day extension, until March 28. On March 31, Reinhard filed a pro se motion for an extension of time. The district court granted that motion on April 11, and gave Reinhard an additional seven days, until April 18, to file a responsive pleading. Thus, Reinhard had more than two months from the time he was first put on notice of the complaint, February 13, 2008, to the time his answer was due, April 18, 2008.[3]

We recognize that Reinhard relies on Sicker v. Commissioner, 815 F.2d

---

[2]We review the district court's decision whether to extend, pursuant to Fed. R. Civ. P. 6(b), the time required to complete an act for an abuse of discretion. Woods v. Allied Concord Fin. Corp., 373 F.2d 733, 734 (5th Cir. 1967).

[3]Even assuming that Reinhard did not have actual notice of the complaint until February 19, 2008, the date that Reinhard alleges he first found the summons and complaint on his porch, he was still afforded just under two months to file his answer.

1400 (11th Cir. 1987), but that case is materially different. In <u>Sicker</u>, the Tax Court refused to consider a taxpayer's petition for redetermination of a tax deficiency because the petition was not timely filed. <u>Id.</u> at 1401. The Internal Revenue Code requires that a petition for redetermination must be filed within 90 days of the date when the notice of deficiency is mailed. <u>Id.</u> Because the IRS incorrectly addressed Sicker's notice of deficiency, he did not receive it until eight days before the deadline. <u>Id.</u> In these circumstances, the <u>Sicker</u> Court concluded that, "[a]s a matter of law, eight days cannot be considered ample time in which to prepare a petition for redetermination." <u>Id.</u> Unlike the taxpayer in <u>Sicker</u> who had only eight days, Reinhard had more than two months to answer the enforcement complaint. Moreover, <u>Sicker</u> is a case construing a particular statutory provision (not at issue here) as to the deadline for filing a tax deficiency redetermination petition, not a case about an extension of time to respond to a complaint. Thus, <u>Sicker</u> does not help Reinhard at all.

For all of these reasons, the district court did not abuse its discretion by granting an additional extension of only seven days in its April 11 order.[4]

**B.     Service of Process**

---

[4]Reinhard's various other arguments, such as comparing the time to answer a complaint to rules governing the amount of notice required prior to a deposition or hearing, do not concern the time required to file an answer to a complaint and are also inapposite.

Reinhard next asserts that the district court erred in determining that service was valid without hearing testimony from the process server.[5] This argument also lacks merit. For starters, Reinhard expressly consented to having the service of process issue resolved "based on the written papers already submitted." In addition, Reinhard relies on Cavic v. Grand Bahama Dev. Co., 701 F.2d 879 (11th Cir. 1983), but that decision is not on point. Although there was an evidentiary hearing in Cavic, nothing in that decision states that the district court is required to hold an evidentiary hearing.[6]

Moreover, we agree with the district court that service of process on Reinhard was properly effectuated.[7] Under Federal Rule of Civil Procedure 4(e)(1), service of process may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Where, as here, the person

---

[5]We review the district court's decision to rule on a motion without an evidentiary hearing for abuse of discretion. Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1250 (11th Cir. 2005).

[6]In fact, the district court is not obligated to hold a hearing in resolving jurisdictional issues, but may resolve these issues on affidavits alone. See Washington v. Norton Mfg., Inc., 588 F.2d 441, 443 (5th Cir. 1979) ("[T]he judge may determine these [jurisdictional] issues by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.").

[7]In considering a district court's decision concerning the sufficiency of service of process, we review the district court's legal conclusions de novo and its factual findings for clear error. Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 920 (11th Cir. 2003).

to be served answers the door and then retreats into his residence, only to find the service papers at his door at a later date, process is deemed sufficient under Florida law. Palamara v. World Class Yachts, Inc., 824 So. 2d 194, 194-95 (Fla. Dist Ct. App. 2002) (upholding a default judgment when the server attempted to serve appellant outside his place of business, appellant ran inside and would not come out, appellant was informed of the contents of the notice, the notice was placed on the door through which appellant later came out, and appellant later retrieved the papers); Liberman v. Commercial Nat'l Bank of Broward County, 256 So. 2d 63, 63-64 (Fla. Dist. Ct. App. 1971) (upholding a finding that service was proper where the person to be served "sought to avoid service of process by the expedient of running into his house and closing the door upon seeing the process server approach," and the process server left the process papers in the person's mailbox and stayed to watch him bring them into his house); Olin Corp. v. Haney, 245 So. 2d 669, 670-71 (Fla. Dist. Ct. App. 1971) (concluding that where "the person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process, [the Florida service of process statute] may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served"). As a consequence, the district court did not err in finding

that Reinhard was properly served.[8]

Accordingly, we affirm the district court's judgment in favor of the SEC and against Reinhard.

**AFFIRMED.**

---

[8]Because we conclude that Reinhard was properly served, we need not address the district court's alternative determination that Reinhard waived his right to challenge service of process under Rule 12(b).