T.C. Memo. 2008-8

UNITED STATES TAX COURT

JOHN SHERE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23280-06L.                    Filed January 23, 2008.

John Shere, pro se.

<u>Neal O. Abreu</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment filed under Rule 121.[1]

_____

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liability for 2002. Petitioner resided in California when the petition was filed.

Petitioner failed to file a Federal income tax return for 2002. On July 27, 2004, respondent mailed a notice of deficiency for 2002 to petitioner. On October 22, 2004, the Court received a letter from petitioner that was filed as petitioner's imperfect petition at docket No. 20485-04. By order dated October 27, 2004, the Court directed petitioner to file a proper amended petition and pay the Court's filing fee on or before December 13, 2004. Petitioner failed to do so. By order dated February 8, 2005, the Court dismissed petitioner's case at docket No. 20485-04 for lack of jurisdiction on the grounds that petitioner failed to file a proper amended petition or pay the filing fee as ordered.

On July 11, 2005, respondent assessed the 2002 income tax deficiency, interest, and additions to tax for late filing and failure to pay and mailed a notice of balance due to petitioner. On November 12, 2005, respondent sent petitioner a Final Notice of Intent To Levy and Notice of Your Right to a Hearing for the year at issue. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. In his request, petitioner

asked for a face-to-face hearing and questioned whether the Internal Revenue Service (the Service) "follows proper procedure", but petitioner raised no other issue regarding the assessed liability or the Service's intention to collect by levy.

On June 26, 2006, the settlement officer assigned to petitioner's case sent petitioner a letter acknowledging petitioner's request for a section 6330 hearing and scheduling a telephone conference for August 1, 2006, "to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action." The officer's letter also stated that if the time was not convenient or petitioner preferred a face-to-face conference, petitioner should contact the settlement officer within 14 days of the date of the letter. In addition, the settlement officer requested that petitioner submit certain information before his conference, including a completed collection information statement and related verification, signed tax returns for 2000, 2003, and 2005, and proof of estimated tax payments for 2006.

By letter dated July 24, 2006, petitioner responded to the June 26, 2006, letter. Among other things, petitioner complained about the settlement officer's setting a hearing date without consulting with him, and he stated that he was not able to participate in the August 1, 2006, telephone conference. Petitioner also stated that he had requested a face-to-face

hearing and that he "was under the impression that [he] would be able to dispute the liability" at his hearing because he had had no prior opportunity to dispute it.

By letter dated July 26, 2006, the settlement officer informed petitioner that she had scheduled a telephone conference call for August 22, 2006, and again requested that petitioner submit a completed collection information statement and other information within 14 days of the date of the letter. By letter dated August 18, 2006, petitioner responded complaining that the settlement officer had again ignored his request for a face-to-face hearing and advising that he would not be able to participate in the scheduled telephone conference.

By letter dated August 21, 2006, the settlement officer wrote a third time to petitioner. She informed petitioner that she had not received the requested information from him, and she gave him 14 days from the date of the letter to submit the information. She also informed petitioner that her office would make a determination by reviewing the administrative file and whatever information he submitted and that she would promptly issue a determination letter with her findings. By letter dated August 31, 2006, petitioner responded to the August 21, 2006, letter writing that "I am lost as to what information you are asking from me. Please let me know what you would accept as

evidence to challenge and disprove the liability the IRS claims I owe."

Petitioner did not submit any of the requested information to the settlement officer. On October 12, 2006, the Appeals Office issued a notice of determination that the proposed levy action was appropriate and could proceed. Attached to the notice was a document summarizing the issues, the background, and the discussion and analysis supporting the determination. The following information was included in the attachment.

1. The Service mailed a notice of deficiency to petitioner for 2002, and he petitioned the Tax Court. Because he had a prior opportunity to appeal the underlying liability for 2002, he could not raise any issue regarding the underlying liability at the collection due process hearing.

2. Petitioner was offered a face-to-face hearing if he identified any relevant, nonfrivolous issues in writing or by calling as requested, but he did not do so.

3. Petitioner was offered the opportunity to discuss collection alternatives to the proposed levy action if he provided the requested financial information, but petitioner failed to submit the information. In addition, petitioner was not in compliance with his filing and payment obligations.

4. The requirements of applicable law or administrative procedures have been met, and the actions taken were appropriate under the circumstances.

5. Petitioner did not identify any relevant, nonfrivolous issue.

6. The proposed levy balances the need for efficient collection with petitioner's concern that any collection action be no more intrusive than necessary.

By undated letter received by the Court November 13, 2006, petitioner indicated that he wished to appeal the notice of determination. The Court filed the letter as petitioner's imperfect petition and ordered him to file a proper amended petition. On March 15, 2007, the Court received and filed petitioner's amended petition. In his amended petition, petitioner alleged as follows:

> During the Collection Due Process Hearing, it is believed that the Respondent DID NOT satisfy ALL of the appropriate requirements. The Petitioner was NOT allowed to challenge the liability of the assessed tax, therefore petitioner was NOT given a fair and impartial hearing. Petitioner requested pertinent documents and files, but respondent REFUSED to comply. Petitioner also requested to be provided with acceptable evidence that would further support the Respondents' claim of this assessed tax. Petitioner was not allowed to dispute any discrepancies found within Respondents' claim of tax liability. Petitioner was NOT properly informed of his rights. Petitioner was not given due process.

On August 23, 2007, the Court issued petitioner a notice setting his case for trial during its January 28, 2008, San

Francisco, California, trial session.  On October 15, 2007, respondent filed a motion for summary judgment.  On October 18, 2007, the Court ordered petitioner to respond to respondent's motion for summary judgment by November 9, 2007.  By motion filed on November 9, 2007, petitioner requested an extension of time to December 14, 2007, to respond to the motion for summary judgment.  Although the Court granted petitioner's motion, he failed to respond by the extended deadline.

## Discussion

### I.    Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party

opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C.
812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344
(1982).  The nonmoving party, however, cannot rest upon the
allegations or denials in his pleadings but must "set forth
specific facts showing that there is a genuine issue for trial."
Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II.  Section 6330

Section 6330(a) provides that no levy may be made on any
property or right to property of any person unless the Secretary
has notified such person in writing of the right to a hearing
before the levy is made.  If the person makes a request for a
hearing, a hearing shall be held before an impartial officer or
employee of the Service's Office of Appeals.  Sec. 6330(b)(1),
(3).  At the hearing, a taxpayer may raise any relevant issue,
including appropriate spousal defenses, challenges to the
appropriateness of the collection action, and collection
alternatives.  Sec. 6330(c)(2)(A).  A taxpayer may contest the
existence or amount of the underlying tax liability at the
hearing if the taxpayer did not receive a notice of deficiency
for the tax liability in question or did not otherwise have an
earlier opportunity to dispute the tax liability.  Sec.
6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609
(2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. The Appeals Office is required to take into consideration: (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner failed to respond to the motion for summary judgment. Consequently, we review the motion and supporting affidavits and exhibits to decide whether to grant the motion. Our review confirms that there is no material issue of fact

fairly in dispute and that respondent is entitled to summary disposition as a matter of law.

Petitioner's principal complaint throughout the section 6330 hearing process was directed to the underlying tax liability and his incorrect expectation that he could challenge that liability at the section 6330 hearing. However, the law is clear that if a taxpayer received a notice of deficiency with respect to the underlying liability, the taxpayer may not contest the liability in a section 6330 hearing. Sec. 6330(c)(2)(B). The undisputed facts confirm that petitioner received a notice of deficiency for 2002. Petitioner submitted a letter evidencing his intention to dispute the notice, which the Court treated as an imperfect petition to protect petitioner's right to contest the notice of deficiency. The resulting case was dismissed for lack of jurisdiction because petitioner failed to comply with this Court's order to file a proper amended petition.

Petitioner's other complaint was that he had requested a face-to-face hearing. However, the undisputed facts reveal that the settlement officer advised petitioner that she would schedule a face-to-face hearing if petitioner identified the relevant, nonfrivolous issues he wanted to discuss at that hearing. Petitioner did not do so. Respondent, acting in accordance with his administrative procedures, scheduled two telephone hearings that petitioner did not participate in. The undisputed facts

establish that petitioner was given an opportunity for a hearing, and he failed to take advantage of it. Respondent reasonably concluded that the collection action could proceed after reviewing the administrative record and determining that the requirements of section 6330 had been satisfied.

We conclude on the record before us that respondent did not abuse his discretion in determining that the proposed levy could proceed. See <u>Peter D. Dahlin Atty. at Law, P.S. v. Commissioner</u>, T.C. Memo. 2007-310; <u>Davis v. Commissioner</u>, T.C. Memo. 2007-160. There is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

<u>An appropriate order and decision will be entered</u>.