T.C. Memo. 2019-53

UNITED STATES TAX COURT

JEVON KEARSE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14080-14L.                           Filed May 20, 2019.

<u>Vivian D. Hoard</u>, <u>Scot A. Burton</u>, and <u>Robert B. Gardner III</u>, for petitioner.

<u>Ashley Y. Smith</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  Petitioner commenced this collection due process

(CDP) case pursuant to sections 6320(c) and 6330(d)(1)[1] in response to a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Some monetary amounts are rounded to

(continued...)

[*2] determination by the Internal Revenue Service (IRS) Office of Appeals (Appeals) to uphold the filing of a notice of Federal tax lien (NFTL) relating to petitioner's unpaid Federal income tax liability for the 2010 taxable year. The issue for consideration is whether Appeals' determination to sustain the NFTL was proper.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida when his petition was filed with the Court.

Petitioner is a retired professional athlete, having played in the National Football League from 1999 to 2010. His unpaid Federal income tax liability for 2010 stems in pertinent part from the IRS' determination that a $1,359,000 deduction for a "business bad debt expense" he claimed on his Form 1040, U.S. Individual Income Tax Return, for 2010 should be disallowed.[2] A notice of deficiency dated May 11, 2012, that was addressed to petitioner at his last known

[1](...continued)
the nearest dollar.

[2]Petitioner now asserts (as he did during the CDP process) that he did not suffer a business bad debt loss but rather a theft loss (of $1,679,500).

[*3] address reflects that determination. Petitioner disputes proper mailing and receipt of this notice of deficiency. The parties stipulated that respondent cannot produce a United States Postal Service (USPS) Form 3877 to show proof of mailing of the notice of deficiency or otherwise establish that it was delivered to petitioner.

On November 5, 2012, the IRS assessed against petitioner the unpaid balance of his 2010 Federal income tax liability which, as of that date, totaled $432,015. On December 4, 2012, the IRS filed an NFTL in the appropriate place and sent petitioner that same day a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising him that an NFTL had been filed and of his right to request a hearing to appeal the collection action and to discuss payment options.

In response to the Letter 3172, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), along with Form 656-L, Offer in Compromise (Doubt as to Liability). As reflected in the Form 656-L petitioner offered to pay $1, and in a document attached to this form he explained the circumstances of his offer, including asserting the lack of proper mailing and receipt of the May 11, 2012, notice of

**[*4]** deficiency. On his CDP hearing request petitioner requested that a CDP hearing be held with his authorized representative.

On May 6, 2014, after the Appeals officer assigned to petitioner's CDP hearing request conducted a CDP hearing with petitioner's authorized representative in which he was allowed to raise petitioner's underlying tax liability, Appeals sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the NFTL with respect to petitioner's outstanding 2010 income tax liability (notice of determination). A summary detailing the matters considered by Appeals and its conclusions was attached to the notice of determination and included the following explanations:

## DISCUSSION AND ANALYSIS

a. Verification of legal and procedural requirements:

Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or NFTL filing have been met. Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process hearing were issued.

Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice.

**[*5]** The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.

There was a balance due when the CDP levy notice was issued or when the NFTL filing was requested.

\*          \*          \*          \*          \*          \*          \*

Collection followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

**b.      Issues raised by the taxpayer**

Collection Alternatives Offered by Taxpayer
You filed a Doubt as to Liability OIC.  You were offered a reduction to tax as a concession of 33% but would not agree to concede and the OIC/DATL was rejected and returned to the Settlement Officer for further review of any other alternatives to collection.  No other alternative was requested.

Challenges to the Existence of [sic] Amount of Liability
You disputed your liability stating that the amount due was the result of theft.  However, you offered no proof or further evidence that the use of funds as loans was actually a theft.  The loss did not qualify as a Ponzi-scheme.  You did not provide substantiation that the liability was due to a bad debt deduction and failed to substantiate the debt as claimed on your Schedule C for 12/2010.  You were offered a concession of 33% to settle the OIC/DATL.  You did not agree to the concession offered by Appeals.  Your OIC is rejected.

You raised no other issues.

**c.      Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.**

**[*6]**   The filing of a Notice of Federal Tax Lien is sustained.  The requirements of applicable law or administrative procedures have been met and the action taken were appropriate under the circumstances.  The Settlement Officer had no prior involvement with the liabilities under review.

A viable collection alternative could not be determined as you did not furnish any financial information and delinquent returns requested.  You refused to agree to the OIC concession offered to you that would reduce your liability and therefore, the liability for 12/2010 remains unchanged.  Your OIC was rejected.  As a result you have failed to show that the issuance of the Notice is overly intrusive or that a better collection alternative is available; and therefore, the filing of the Notice balances the efficient collection of the taxes with a concern that the collection action be no more intrusive than necessary.

Petitioner timely filed a petition with this Court for review of the notice of determination, disputing the notice of determination on the following grounds: (1) Appeals erred in asserting that it properly mailed the May 11, 2012, notice of deficiency; (2) Appeals erred in asserting that petitioner received a copy of the notice of deficiency; and (3) Appeals erred in its discussion, analysis, and conclusions with respect to the facts and law related to petitioner's underlying tax liability.  In his answer respondent denied each of these alleged errors.

OPINION

Under section 6321, if any person liable to pay any tax neglects or refuses to do so after notice and demand, the amount, including any interest, addition to tax, or assessable penalty, shall be a lien in favor of the United States upon all property

**[\*7]** and rights to property, whether real or personal, belonging to such person. The lien is perfected when the assessment is made. Szekely v. Commissioner, T.C. Memo. 2013-227, at \*7 (and cases cited threat). However, the IRS' filing of an NFTL in the appropriate place ensures priority of the Federal tax lien over positions of most competing creditors. See sec. 6323. Section 6320(a) requires the Secretary (i.e., the IRS) to provide the person with written notice of and an opportunity for an administrative hearing to review the propriety of the filing of the NFTL.

If an administrative hearing is requested in a lien case, the hearing is to be conducted by Appeals. Sec. 6320(b)(1). At the hearing the Appeals officer conducting it must obtain verification that the requirements of applicable law and administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the collection action, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Secs. 6320(c), 6330(c)(2)(A).

Following the hearing the Appeals officer must determine among other things whether to sustain the filing of the NFTL. In reaching the determination the Appeals officer must take into consideration: (1) whether the requirements of applicable law and administrative procedure have been met, (2) all relevant issues

**[\*8]** raised by the taxpayer including offers of collection alternatives, such as an offer-in-compromise, and (3) whether any collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that collection be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

Sections 6320(c) and 6330(d)(1) grant this Court jurisdiction to review the determination made by Appeals in a lien case. If the taxpayer files a timely petition for such judicial review, the applicable standard of review depends on whether the underlying tax liability is at issue. Where the taxpayer's underlying liability is properly at issue, the Court reviews the liability determination de novo. Hoyle v. Commissioner, 131 T.C. 197, 199 (2008), supplemented by 136 T.C. 463 (2011); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews administrative determinations made by Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. at 200; Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

**[\*9]** A taxpayer may challenge his underlying tax liability during a CDP hearing (and thereafter in this Court) if he did not receive a notice of deficiency with respect to the liability or did not otherwise have an earlier opportunity to dispute the liability.  See secs. 6320(c), 6330(c)(2)(B); sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.; see also Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007); Sego v. Commissioner, 114 T.C. at 609; Shere v. Commissioner, T.C. Memo. 2008-8, slip op. at 10.  Although the parties have stipulated as to petitioner's nonreceipt of the May 11, 2012, notice of deficiency and that therefore he may challenge his underlying tax liability in this proceeding, for the reasons explained below it is unnecessary for us to review his underlying tax liability de novo.

As indicated supra p. 7, the Appeals officer conducting the hearing in a lien case must verify that the IRS has complied with the requirements of applicable law and administrative procedure, and this verification is required, among other things, to be a part of every Appeals determination.  Secs. 6320(c), 6330(c)(1), (3)(A); see also Hoyle v. Commissioner, 131 T.C. at 201-202.  The verification must be obtained before Appeals issues the notice of determination.  Sec. 301.6320-1(e)(1), Proced. & Admin. Regs.  In cases where an assessment of tax is based on

**[\*10]** a defaulted[3] notice of deficiency, the Appeals officer must verify, among other things, that the notice of deficiency was duly mailed to the taxpayer before the assessment of tax pursuant to section 6213(a). Hoyle v. Commissioner, 131 T.C. at 203; see also Internal Revenue Manual (IRM) pt. 8.22.5.4.2.1.1(1) (Nov. 8, 2013) (advising Appeals officers that for assessments requiring the issuance of a notice of deficiency, the validity of the assessment is confirmed by verifying that the notice of deficiency was "properly issued", i.e., by certified or registered mail to the taxpayer's last known address and before the assessment of the deficiency).

In Hoyle v. Commissioner, 131 T.C. at 200-204, we considered whether Appeals met this verification requirement where the taxpayer raised in that judicial proceeding (but not during the CDP process) the issue of whether the IRS had in fact mailed him a notice of deficiency before assessing the tax at issue. We held that because verification is mandatory, we will review the propriety of that verification regardless of whether the taxpayer challenging the collection action raises this issue at the CDP hearing. Id. at 202-203. The record in Hoyle

---

[3]According to IRS guidance, "[i]f the taxpayer does not petition the Tax Court or agree to the deficiency within 105 (165 if either the taxpayer is outside the United States when the notice is mailed or the notice is mailed to an address outside the United States) days, the case [i.e., the notice of deficiency] is considered to be defaulted". Internal Revenue Manual pt. 4.8.9.26(2) (July 9, 2013).

[*11] contained two copies of a notice of deficiency that the Commissioner asserted were properly mailed. Id. at 203. Appeals' notice of determination issued to the taxpayer "summarily concluded that 'all statutory, regulatory, and administrative procedures have been followed'" and noted that the taxpayer's file "contained a copy of a notice of deficiency 'properly sent'" to him; it did not, however, indicate what documents were relied upon to verify that the notice of deficiency was properly mailed. Id. The administrative record lacked, for example, a properly completed USPS Form 3877, which this Court and other Federal courts have held raises a presumption of official regularity in the IRS' favor and is sufficient, absent evidence to the contrary, to establish that a notice of deficiency has been properly mailed. Id. (and cases cited thereat). Thus in Hoyle, on the basis of the record before us at that time, we concluded that it was unclear what the Appeals officer relied on to verify that the assessment of the taxpayer's liability had been preceded by a duly mailed notice of deficiency, and we declined to review the taxpayer's underlying tax liability, remanding the case to Appeals to clarify the record as to the basis for the Appeals officer's verification that all requirements of applicable law and administrative procedure had been met, i.e., that the notice of deficiency had been properly sent to the taxpayer. Id. at 204-205.

**[*12]** The case before us now is strikingly similar to Hoyle. In his petition petitioner alleges that Appeals erred in asserting that it properly mailed the May 11, 2012, notice of deficiency to him, calling into question (albeit somewhat inartfully) the propriety of Appeals' verification that the IRS complied with applicable law and administrative procedure, i.e., whether the May 11, 2012, notice of deficiency was properly mailed to him before assessment of his 2010 income tax liability. In his answer respondent asserted a general denial of this allegation.

Similarly to the record in Hoyle, the record here contains a copy of (1) the May 11, 2012, notice of deficiency and (2) the notice of determination, which summarily concludes that "the requirements of any applicable law, regulation or administrative procedure with respect to the * * * NFTL filing have been met" and that "[a]ssessment was properly made per IRC § 6201". Similarly to the notice of determination in Hoyle, the notice of determination here does not indicate what documents were relied upon to verify that the May 11, 2012, notice of deficiency was properly mailed. Additionally, the record before us does not contain a USPS Form 3877 or equivalent IRS certified mailing list (CML) bearing a USPS date stamp or the initials of a postal employee. Indeed, the parties stipulated that respondent cannot produce that form (or list).

[*13] After the trial of this case we ordered respondent to file a response addressing in pertinent part whether the Appeals officer properly verified that the May 11, 2012, notice of deficiency was mailed to petitioner.[4]  In his response respondent contends that the Appeals officer made the proper verification "pursuant to I.R.C. § 6330(c)(1) & Internal Revenue Manual Provision 8.22.5.4.2.1.1."  Attached to the response is, among other documents, the declaration of the Appeals officer and the Appeals officer's case activity record. In her declaration the Appeals officer avers that although she was unable to secure the USPS Form 3877 to show proof of mailing of the May 11, 2012, notice of deficiency to petitioner, she examined the IRS' Integrated Data Retrieval System (IDRS) "in order to verify the validity of the assessment against Mr. Kearse from the May 11 notice", and more specifically, that the May 11, 2012, notice of deficiency was issued to him.  In her case activity record she states that she "did not request the statutory notice of deficiency".  According to respondent, because the IRM permits Appeals officers to examine IDRS to verify the validity of an assessment from a notice of deficiency, the Appeals officer's examination of IDRS

---

[4]We also ordered respondent to address whether the resulting assessment against petitioner for 2010 is invalid.

[*14] here demonstrates that she properly verified that the May 11, 2012, notice of deficiency was mailed to petitioner in accordance with section 6330(c).

Respondent is correct that IRS guidance does advise Appeals officers that they may "rely" on IDRS to verify the validity of an assessment from a notice of deficiency. See IRM pt. 8.22.5.4.2.1.1(2) (Nov. 8, 2013). But that is the "general[]" rule. Id. Where a taxpayer alleges that the notice of deficiency was not properly mailed to him, he has "alleged an irregularity", id. pt. 8.22.5.4.2.1.1(5), thereby requiring Appeals officers, according to further IRS guidance, to do more than "rely solely" on IDRS; they must review: (1) a copy of the notice of deficiency and (2) the USPS Form 3877 or equivalent IRS certified mail list bearing a USPS date stamp or the initials of a postal employee, id. pt. 8.22.5.4.2.1.1(6). Despite the fact that during the CDP process petitioner alleged such an irregularity, the Appeals officer here acknowledges that she did not secure (and accordingly review) either of these documents before the notice of determination was issued to petitioner.

Incredibly, respondent has now produced a USPS Form 3877 dated May 11, 2012, intended to evidence the mailing of the May 11, 2012, notice of deficiency to petitioner via USPS certified mail, which he also attaches to his response. He states in a footnote in the response that "during the case's pendency, respondent

**[*15]** updated its systems for locating CMLs, thus, allowing them to be easily located." However, respondent has already stipulated that he cannot produce a USPS Form 3877 regarding the May 11, 2012, notice of deficiency to petitioner. We treat a stipulation "as a conclusive admission by the parties, and the Court will not permit a party to change or contradict a stipulation, except in extraordinary circumstances." Shackelford v. Commissioner, T.C. Memo. 1995-484, slip op. at 15; see also Rule 91(e). We also note that respondent has not "asked to be relieved [from the binding effect] of this stipulation, and we will therefore hold him to it." See Winter v. Commissioner, T.C. Memo. 2010-287, slip op. at 28.

On the basis of the record before us, it is clear that the Appeals officer failed to properly perform the verification mandated by section 6330(c), i.e., to properly verify that the assessment of petitioner's unpaid 2010 income tax liability was preceded by a duly mailed notice of deficiency. This failure constitutes an abuse of discretion. Consequently, we conclude that Appeals abused its discretion in sustaining the NFTL with respect to petitioner's 2010 income tax liability.[5]

---

[5]Because of our conclusion, in addition to its being unnecessary to review petitioner's underlying tax liability de novo, it is unnecessary for us to consider whether Appeals' decision to reject his offer-in-compromise constituted an abuse of discretion.

[*16] We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for petitioner</u>.